# EXHIBIT B

IN THE MATTER OF THE            )
ARBITRATION BETWEEN            )
                                )
THE NATIONAL FOOTBALL          )
LEAGUE MANAGEMENT COUNCIL      )        **OPINION AND AWARD**
      on behalf of             )
THE ATLANTA FALCONS            )
                                )
      and                      )        Grievance:  Workers' Compensation
                                )                       Dispute
RODERICK COLEMAN, WILREY       )
FONTENOT, TONY GILBERT,        )
KINDAL MOOREHEAD, STANLEY      )
PRITCHETT, KARON RILEY, BRETT  )        Date:  February 23, 2012
ROMBERG, JASON WEBSTER, DEZ    )
WHITE, and THE NATIONAL        )
FOOTBALL LEAGUE PLAYERS        )
ASSOCIATION                    )
_____)

## OPINION AND AWARD OF THE ARBITRATOR

<u>Non-Injury Grievance Arbitrator</u>
      Michael H. Beck

<u>Appearances</u>
      For the National Football League Management Council
      Brook F. Gardiner, Labor Relations Counsel

      For the Players and the National Football League Players Association
      Jeffrey H. Newhouse, Dewey & LeBoeuf LLP

**OPINION AND AWARD OF THE ARBITRATOR**

**THE NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL**
**on behalf of**
**THE ATLANTA FALCONS**

**and**

**THE PLAYERS AND THE**
**NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION**

**OPINION OF THE ARBITRATOR** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1.

**PROCEDURAL MATTERS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

**ISSUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

**RELEVANT PROVISIONS OF THE COLLECTIVE BARGAINING**
**AGREEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2.

**NFL PLAYER CONTRACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.

**BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.

**DISCUSSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6.

**AWARD OF THE ARBITRATOR** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | |
| ARBITRATION BETWEEN | ) | |
| | ) | |
| THE NATIONAL FOOTBALL | ) | |
| LEAGUE MANAGEMENT COUNCIL | ) | **OPINION AND AWARD** |
| on behalf of | ) | |
| THE ATLANTA FALCONS | ) | |
| | ) | |
| and | ) | **Grievance:  Workers' Compensation** |
| | ) | **Dispute** |
| RODERICK COLEMAN, WILREY | ) | |
| FONTENOT, TONY GILBERT, | ) | |
| KINDAL MOOREHEAD, STANLEY | ) | |
| PRITCHETT, KARON RILEY, BRETT | ) | **Date:  February 23, 2012** |
| ROMBERG, JASON WEBSTER, DEZ | ) | |
| WHITE, and THE NATIONAL | ) | |
| FOOTBALL LEAGUE PLAYERS | ) | |
| ASSOCIATION | ) | |
| _____ | ) | |


## OPINION OF THE ARBITRATOR


**PROCEDURAL MATTERS**

The Arbitrator, Michael H. Beck, was selected pursuant to Article IX of the

2006-12 Collective Bargaining Agreement (CBA) between the National Football League

Management Council (NFLMC) and the National Football League Players Association

(NFLPA).  The hearing in the matter was held in New York, New York on September 22,

2011.  At the hearing a substantial number of exhibits were placed in evidence.

Additionally, the parties presented argument.  However, no witnesses were called.

The National Football League Management Council, on behalf of the Atlanta Falcons, was represented by Brook F. Gardiner, Labor Relations Counsel. Nine Players, namely Rod Coleman, Wilrey Fontenot, Tony Gilbert, Kindal Moorehead, Stanley Pritchett, Karon Riley, Brett Romberg, Jason Webster, Dez White, (Players), and the National Football League Players Association were represented by Jeffrey H. Newhouse of the law firm Dewey & LeBoeuf LLP.

The parties agreed upon the filing of simultaneous posthearing briefs which were received in the office of the Arbitrator on November 7, 2011. The brief on behalf of the NFLMC was filed by Mr. Gardiner along with Daniel L. Nash and Stacey R. Eisenstein of the law firm Akin Gump Strauss Hauer & Feld LLP. The brief on behalf of the Players and the NFLPA was filed by Mr. Newhouse along with Adam J. Kaiser and Matthew A. Stark of the law firm of Dewey & LeBoeuf LLP.

**ISSUE**

The issue to be determined in this matter is set forth below:

> Did the Players violate their individual NFL Player Contracts by filing and processing claims for workers' compensation benefits in California and if so, what is the appropriate remedy?

**RELEVANT PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT**

**ARTICLE IX**
**NON-INJURY GRIEVANCE**

*Section 1.* **Definition:** Any dispute (hereinafter referred to as a "grievance") arising after the execution of this Agreement and

2

involving the interpretation of, application of, or compliance with, any provision of this Agreement, the NFL Player Contract, or any applicable provision of the NFL Constitution and Bylaws pertaining to terms and conditions of employment of NFL players, will be resolved exclusively in accordance with the procedure set forth in this Article, . . .

## NFL PLAYER CONTRACTS

Each of the nine individual NFL Player Contracts has the following two provisions:

19.  DISPUTES.  During the term of any collective bargaining agreement, any dispute between Player and Club involving the interpretation or application of any provision of this contract will be submitted to final and binding arbitration in accordance with the procedure called for in any collective bargaining agreement in existence at the time the event giving rise to any such dispute occurs.

* * *

22.  LAW.  This contract is made under and shall be governed by the laws of the State of Georgia.

Player Roderick Coleman has the following language in his most recent NFL Player Contract, executed on August 29, 2007, and contained in the Atlanta Falcons Contracts Binder:

### CHOICE OF LAW/JURISDICTION

The parties hereto acknowledge that this Contract has been negotiated and executed in Georgia; that should any dispute, claim or cause of action (collectively "dispute") arise concerning rights or liabilities arising from the relationship between the Player and the Club, the parties hereto agree that the law governing such dispute shall be the law of the State of Georgia, regardless of the location or situs of injury giving rise to the dispute.  Furthermore, Player and Club acknowledge and agree that the exclusive jurisdiction for resolving injury related claims shall be the Division of Workers' Compensation of Georgia, and in the case of Workers' Compensation claims, the Georgia Workers' Compensation Act shall govern, regardless of the location or situs of injury giving rise to the dispute.

3

Players Wilrey Fontenot, Tony Gilbert and Brett Romberg have the following language in each of their most recent NFL Players Contracts contained in the Atlanta Falcons Contracts Binder.  These contracts were executed on June 17, 2008, February 28, 2009 and March 10, 2009, respectively:

> **GOVERNING LAW AND JURISDICTION.**  Further to Paragraph 22 of the NFL Player Contract and subject in all respects to Article LIX (Governing Law) of the NFL Collective Bargaining Agreement, as amended through the date hereof (the "Collective Bargaining Agreement"), the parties agree that any dispute, claim or cause of action under this Contract concerning rights and liabilities arising from the dispute, claim or cause of action under this Contract concerning rights and liabilities arising from the Player-Club relationship or arising out of or related to this Contract (a "dispute") shall be governed by and construed in accordance with the laws of the state in which Club is located, including without limitation, workers' compensation disputes.  Jurisdiction of all workers' compensation claims and other matters related to workers' compensation, including but not limited to the matters recited in Paragraph 10 of the NFL Player Contract, and including all issues of law, issue of fact and matters related to workers' compensation benefits, shall be exclusively determined by and exclusively decided in accordance with the internal laws of the state in which Club is located, including, without limitation, its labor code and workers' compensation laws, without resort to choice of law rules, regardless of the location or situs of the injury giving rise to the dispute.  In addition, the parties agree that this Contract calls for performance in the county in which Club is located, and jurisdiction and venue for any and all disputes shall lie exclusively in the State Courts of the county in which Club is located.

Players Dez White, Karon Riley, Jason Webster, and Stanley Pritchett have the following language in each of their most recent NFL Player Contracts contained in the Atlanta Falcons Contracts Binder.  These contracts were executed on March 22, 2004, September 15, 2004, March 5, 2004 and July 14, 2004, respectively:

> **JURISDICTION**
>
> The parties hereto acknowledge that this Player Contract has been negotiated and executed in Georgia; that should any dispute, claim or cause of action (collectively "dispute") arise concerning rights or liabilities arising from the relationship between the Player and the Club, the parties hereto agree that the law governing such dispute shall be the law of the State of Georgia.  Furthermore, the exclusive jurisdiction for

> resolving injury related claims shall by the Division of Workers'
> Compensation of Georgia, and in the case of Workers' Compensation
> claims the Georgia Workers' Compensation Act shall govern.

With respect to Kindal Moorehead, his one NFL Player Contract set forth in the Atlanta Falcons Contract Binder was executed on March 7, 2008 and contains at Section 28 the **Governing Law and Jurisdiction** language. However, the grievance dated March 2, 2011 filed by the NFLMC against Kindal Moorehead indicates that the applicable language from his contract is the **Jurisdiction** language.

In any event, neither the NFLPA nor the NFLMC contend that a separate or different result would apply depending upon which of the three provisions quoted above appears in a Player's individual NFL Player Contract.


**BACKGROUND**

Individual grievances against each of the nine Players were filed by the NFLMC between September 1, 2010 and July 12, 2011 alleging that each of the nine Players "improperly filed and is improperly continuing to pursue a workers' compensation claim against the Falcons in violation of his NFL Player Contract." (Atlanta Falcons Hearing Binder, Tab 1A-1I.) At the hearing the parties stipulated that:

> The parties have stipulated in this grievance that the individual players
> named in the grievance have ongoing Workers' Compensation claims
> pending before the Workers' Compensation Appeals Board in
> California. (Tr. pg. 8.)

None of the nine Players involved in this matter indicated on his State of California Workers' Compensation "Application for Adjudication of Claim" (Application) that he lived in California. Six Players listed their home state as Georgia,

namely Roderick Coleman, Tony Gilbert, Stanley Pritchett, Karon Riley, Jason Webster and Dez White.  The other three Players listed other states as their home state: Fontenot (Arizona); Moorehead (Alabama); and Romberg (Florida).

Only one Player, Karon Riley, indicated on his Application that he had been injured in California.  In this regard, he checked the box on the Application designated "cumulative injury," and in response to the question on the Application asking where the injury occurred, Mr. Riley stated "[M]ultiple professional football facilities including those in California. . . ."  (Atlanta Falcons Hearing Binder, Tab 8B.)  The other eight Players also checked the box "cumulative injury" on their Application but made no mention of being injured in California.  Instead, in response to the question regarding where the injury occurred they wrote phrases, such as "various locations," "various stadiums and practice facilities" or "various cities and states."  Stanley Pritchett stated that his injury occurred at "Atlanta Falcons, 4400 Falcon Parkway, Flowery Branch, Georgia."  (Atlanta Falcons Hearing Binder Tab 7B.)

With respect to the question on the Application asking the Player to explain what he was doing at the time of injury and how the injury occurred, again there was no mention of California.  Instead, the answers were "playing and practicing professional football," "playing professional football," "sustained injuries while playing football," or "stress and strain of occupation."  (Atlanta Falcons Hearing Binder.)


**DISCUSSION**

On August 23, 2011, I issued my Arbitration Decision in the <u>National Football League Management Council on Behalf of the New Orleans Saints and Cameron</u>

6

<u>Cleeland, et al. and the National Football League Players Association</u> (hereinafter this case is referred to as <u>Saints</u>).  The issue in that case was identical to the issue before me in the instant case.  In <u>Saints</u> I found that the players involved in that case:

> . . . violated their individual NFL Player Contracts by filing and processing claims for workers' compensation benefits in California.  (<u>Saints</u> at pg. 17.)

I reached that conclusion based on my finding that pursuant to the doctrine of the "law of the shop," the NFLMC was entitled to enforce through arbitration the choice of law and choice of forum provisions contained in the individual NFL Player Contracts.

In <u>Saints</u> the individual NFL Player Contracts had the same language at Article 19, "Disputes," and Article 22 "Law" as do the individual NFL Player Contracts in this case except that instead of the contract being made under and governed by the laws of the State of Louisiana they are made under and governed by the State of Georgia.

All of the players in the <u>Saints</u> case had the same language regarding processing workers' compensation claims.  That language provided as follows:

> As a material inducement for the Club to employ Player's services, Player promises and agrees that any workers' compensation claim, dispute, or cause of action arising out of Player's employment with the Club shall be subject to the workers' compensation laws of any other state.  Player further agrees that any claim, filing, petition, or cause of action in any way relating to workers' compensation rights or benefits arising out of Player's employment with the Club, including without limitation the applicability or enforceability of this addendum, shall be brought solely and exclusively with the Louisiana courts or the Louisiana body that has jurisdiction over the matter.  (<u>Saints</u> Opinion and Award, August 23, 2011, pg. 4.)

Neither the NFLPA nor the NFLMC contend that any of the three provisions in the instant case are different in meaning from the language set forth above from Section 26.C of the individual NFL Player Contracts in the <u>Saints</u> case.

7

Here the NFLPA, as was the case with the <u>Saints</u>, does not dispute the meaning of the language in question but rather takes the position that the choice of law and choice for forum provisions in the NFL Player Contracts are void and unenforceable under California law, federal labor law, and the Full Faith and Credit Clause of the United States Constitution.  Additionally, the NFLPA maintains, as it did in <u>Saints</u>, that two recent arbitration cases were wrongly decided, namely <u>National Football League Management Council/Tennessee Titans and National Football League Players Association/Bruce Matthews</u> (Calvin W. Sharpe, August 5, 2010), hereinafter referred to as <u>Matthews</u>, and <u>Chicago Bears and the National Football League Management Council and Michael Haynes, et al. and the National Football League Players Association</u> (Rosemary A. Townley, April 21, 2011) hereinafter referred to as <u>Bears</u>.

In its brief in the instant case, the NFLPA, perhaps out of a sense of propriety, does not specifically allege that my decision in <u>Saints</u> was wrongly decided.  However, the NFLPA contends that I am not bound to follow <u>Matthews</u> and <u>Bears</u> because they were wrongly decided and, therefore, I should make an independent review of the issues before me.  I have reviewed again all of the cases cited to me by the NFLPA in its brief in this matter, most of which were also cited in the NFLPA brief in <u>Saints</u> and find, as I did in <u>Saints</u>, that the law of the shop prevails pursuant to the clear language of the individual NFL Player Contracts and NFL precedent as indicated in <u>Matthews</u> and <u>Bears</u>, and, now, <u>Saints</u>.

The NFLPA in its brief here, as it did in <u>Saints</u>, takes the position that the decision of the United States District Court for the Southern District of California (<u>Matthews</u>

Court)[1] which confirmed the Award of Arbitrator Sharpe in Matthews, is irrelevant
because (1) that decision has been appealed by the NFLPA to the Ninth Circuit and (2)
because the District Court's analysis was, in the words of the NFLPA brief "severely
limited" in that the Court did not "hear claims of factual or legal error" and instead,
confined itself to reviewing only "the procedural soundness of the arbitral decision."
(NFLPA brief, pg. 25.)  The NFLPA brief concludes, as it did in Saints, that it would be
"inappropriate to follow Matthews."  (NFLPA brief pg. 26.)

      My authority as the Arbitrator in the instant case does not extend to reaching a
result contrary to the ruling of the Federal District Court in Matthews upholding
Arbitrator Sharpe's arbitration award.  In this regard, I note the conclusion reached by
Arbitrator Townley in Bears:

> [O]nce a party subjects itself to the jurisdiction of a federal court for the
> review of an arbitration award and the appeals process is in motion, as
> is the case here, then an arbitrator is obligated under NFL arbitral
> authority and (sic) well as federal case law to defer to the courts on
> questions of state, federal and constitutional interpretation. . . .
>
>     Moreover, if a party believes that a federal district court
> judge's decision is in error with respect to the interpretation of federal
> law, public policy and the U.S. Constitution, then the aggrieved party
> has the opportunity to challenge that judge's opinion at a higher level
> of judicial expertise, as has been done here [with respect to the Federal
> District Court's decision in Matthews].  (Bears pgs. 21-22.)

      Since my decision in Saints issued on August 23, 2011 the United Stated District
Court for the Northern District of Illinois denied the NFLPA's motion to vacate the

---

[1]   National Football League Players Association on its own and on behalf of Bruce Matthews v. National
Football League Management Council and Tennessee Titans, 2011 WS 31068 (S.D. California, January 5,
2011).

arbitration award of Arbitrator Rosemary Townley.[2]  In its brief the NFLPA contends that

the District Court's decision in <u>Bears</u> was "wrongly decided because the court

erroneously failed to consider the public policy of California. . . ."  (NFLPA brief, pg.

27.)  However, as I indicated above, my authority as Arbitrator in this matter does not

extend to reaching a result contrary to that reached by the Federal District Court here.  In

this regard, I note the following conclusion reached by Federal District Court Judge

Elaine E. Bucklo in <u>Bears</u>:

> . . . *de novo* review is appropriate with respect to the narrow claim
> defendants raise here, which is that the arbitral award is contrary to
> public policy.  "While the merits of a grievance are for an arbitrator, the
> question of public policy is wholly independent from the collective
> bargaining agreement and is ultimately one for the courts. . . . (<u>Bears</u>
> pg. 4, case citation omitted.)

     In <u>Saints</u>, in addition to relying on the arbitration decisions in <u>Matthews</u> and <u>Bears</u>

in finding the applicability of the law of the shop, I also relied on two arbitration

decisions by Arbitrator Shyam Das, namely <u>NFLPA and the NFLMC on behalf of the</u>

<u>Dallas Cowboys and Houston Texans</u> (Shyam Das, May 24, 2005 hereinafter referred to

as <u>Texas Workers Comp</u>) and <u>NFLPA and the NFLMC on behalf of the Buffalo Bills,</u>

<u>New York Jets, and Carolina Panthers</u> (Shyam Das, February 14, 2007 hereinafter

referred to as <u>New York Workers Comp</u>).  Arbitrator Townley in <u>Bears</u> spent several

pages reviewing <u>Texas Workers Comp</u> (which she referred to as "Texas Clubs" and <u>New</u>

<u>York Workers Comp</u> (which she referred to as "Bills/Panthers/Jets") and found that the

law of the shop had been created with respect to the choice of law and choice of forum

---

[2]  <u>The Chicago Bears Football Club Inc. and National Football League Management Council v. Michael
Haynes, Joe Odem, Cameron Worrell and the National Football League Players Association</u> 2011 WL
4062511 (N.D. Illinois, September 13, 2011.)

provisions in the NFL Player Contracts based on well settled NFL precedent.  (Bears pg. 20-23.)

The NFLPA did not specifically address Texas Workers Comp and New York Workers Comp in its brief to me in Saints.  However, I did cite those two cases along with Matthews and Bears in reaching my conclusion regarding the applicability of the law of the shop (Saints pgs. 10-12).  In the instant case, the NFLPA in its brief contends that Texas Workers Comp and New York Workers Comp are inapposite, pointing out that both of those cases:

> . . . allowed the parties to negotiate for greater – not lesser – workers compensation benefits than state law provides.  (NLFPA brief at footnote 14, pgs. 16-17.)

The NFLPA here is correct in this contention.  However, it is clear as discussed by Arbitrator Townley in Bears (pgs. 20-23) and by this Arbitrator in Saints (pgs. 10-12) that Arbitrator Das in both Texas Workers Comp and New York Workers Comp relied on the applicable contract provisions and not on state law.[3]

### AWARD OF THE ARBITRATOR

It is the Award of your Arbitrator that:

    I.    Players Roderick Coleman, Wilrey Fontenot, Tony Gilbert, Kindal Moorehead, Stanley Pritchett, Karon Riley, Brett Romberg, Jason

---

[3]   Arbitrator Sharpe in Matthews also cited Texas Workers Comp (footnote 13 at pg. 15) in support of  his Award ordering Player Bruce Matthews to "cease and desist from attempting to persuade the California tribunals to apply California law in violation of paragraph 26D of the Player's Contract."  Further, under Arbitrator Sharpe's Award the Player was "required to withdraw from the California proceeding, should the California tribunals ultimately deny the application of Tennessee law."  (Matthews at pg. 18.)

Webster, and Dez White violated their individual NFL Player Contracts by filing and processing claims for workers compensation benefits in California.

II.   Therefore, it is ordered that the above named Players cease and desist from the pursuit of workers' compensation benefits in the State of California through the withdrawal of their claims before the applicable tribunal.  If the Players are to pursue workers compensation claims, they are ordered to do so pursuant to the language set forth in their individual NFL Player Contracts.

III.  The Arbitrator retains jurisdiction for the sole purpose of resolving any dispute which may arise between the parties regarding compliance with this Award.

Dated:  February 23, 2012

Seattle, Washington                                    S/MICHAEL H. BECK
                                                       _____
                                                       Michael H. Beck, Arbitrator